**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Rory Chavez,

Plaintiff,

vs.

City of St. Paul, et al.,

Defendants.

Case No.: 01-27 (RHK/JMM)

**CONSENT TO PLAINTIFF'S AMENDED COMPLAINT**

---

Pursuant to Fed.R.Civ.P. 15, the undersigned, as counsel for defendants, hereby consents to allow plaintiff to amended his Complaint in the form attached, subject to all defenses asserted in the Amended Answer.

Dated: 3/06/01

CLAYTON M. ROBINSON, JR.
Saint Paul City Attorney

FRANK E. VILLAUME III, #112860
Assistant City Attorney
550 City Hall and Courthouse
15 West Kellogg Boulevard
St. Paul, MN 55102
(651) 266-8775
Attorneys for City of Saint Paul

So Ordered
4/2/01

APR 0 2 2001

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rory Chavez,

Plaintiff,

v.

**AMENDED COMPLAINT**

Officer Phillipi, Officer J. Gilsrud,
Officer John Ortiz, Officer Talley, Officer Barbaras,
all personally and in their
official capacities as police officers for the City of St.Paul.

Case No. 01-27 (RHK/JMM)

Defendants.

---

Plaintiff, Rory Chavez, by this Complaint against Defendants, states and alleges as follows:

**I. INTRODUCTION**

1. This is an action arising out of an incident on December 18, 1998, in St. Paul, Minnesota, when Defendant Police Officers Phillipi, Gilsrud, Ortiz, Talley and Barbaras, without any justification for their actions, physically assaulted Plaintiff Rory Chavez as he attempted to leave Winners Bar located at 674 Dodd Road, St. Paul Minnesota. Mr. Chavez was physically beaten to the ground, was sprayed with a chemical to his face and eyes and was severely struck in his eye and other face and body portions resulting in serious injury to Mr. Chavez. Plaintiff's causes of action include violations of his federal civil rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, unlawful race discrimination in public services under the Minnesota Human Rights Act, common law claims of assault, battery, false imprisonment and negligence. Plaintiffs demand a jury trial in this matter.

common law claims of assault, battery, false imprisonment and negligence. Plaintiffs demand a jury trial in this matter.

## II. THE PARTIES

2. Plaintiff Rory Chavez is currently a resident of Minnesota. He is a 41 year old Mexican American male. Plaintiff was residing and located in the City of St. Paul, Ramsey County, Minnesota during the events underlying this Complaint.

3. Defendant Officers Phillipi, Gilsrud, Ortiz, Talley and Barbaras are all police officers employed by the City of St. Paul Police Department. They were responsible for the encounter with Plaintiff that is the subject of this action. At all relevant times hereto, Defendants were acting under color of state law. They are being sued in their personal and official capacities.

4. Defendant City of St. Paul employs Defendants Phillipi, Gilsrud, Ortiz, Talley and Barbaras, and designed the racist and unconstitutional Intimidation through Violence policy that the St. Paul Officers were implementing in their encounter with Plaintiff, and are responsible for providing the chemical ammunition and the severe physical assault that was used on Plaintiff on December 18, 1998.

## III. FACTUAL BACKGROUND

5. Mr. Rory Chavez is an employee with the City of St. Paul's Recreation and parks Division. Mr. Chavez serves as a Park Official. On December 18, 1998, Plaintiff Rory Chavez was in Winners Bar located at 674 Dodd in St. Paul, Minnesota. Plaintiff was asked to leave the premises, which he proceeded to do as directed. This matter was completely secured by surveillance video footage. Upon exiting the local facility, Mr. Chavez is captured by video footage exiting the facility and an Officer immediately ran up to him from behind and began

striking Mr. Chavez in the face. Moments later, several Officers began to strike Mr. Chavez. A listing of all Officers involved include Officers Phillipi, Gilsrud, Ortiz, Talley and Barbaras

6. After the St. Paul Police Department brutalized Mr. Chavez, Defendant officers charged Mr. Chavez with Obstruction of Legal Process as a Gross Misdemeanor. The Court heard this matter on February 10, 1999 by Ramsey County District Court Judge John. B. Van de North, and after reviewing the video footage documenting the incident, the charges against Mr. Chavez were dismissed. Joy Barcher, with Neighborhood Justice Center, represented Mr. Chavez during this proceeding.

7. Mr. Chavez was transported to Regions Hospital for injuries to his face, eye and exposure to a chemical agent. He was then transported to the Ramsey County Jail Annex.

8. In the course of the ensuing day and evening, Plaintiff eventually had large open wounds on his face and a swollen eye filled with blood. Plaintiff suffered more irritation and pain from the chemicals. The next week, Plaintiff sought additional medical treatment with Health Partners in West St. Paul, Minnesota for continued medical attention related to the face, eyes and bruises to the head and body.

9. Defendants lacked any basis under the state or federal constitutions to run at, arrest or use force against Plaintiff Rory Chavez. He complied with the Officer's request as stated, and left the premises. He was well within several feet of the Officers and gave no appearance or need to be physically struck by the Officers as he was walking away from the Officers when instructed to leave the premises.

10. Defendant Police Officers, by their improper and unlawful arrest of Plaintiff, were carrying out Defendant City of St. Paul's Intimidation Through Violence policy, by singling out Plaintiff for police intrusions because of the neighborhood in which he was located. Knowing

that the neighborhood is Hispanic, said policy is racist because it singles out people of color and communities comprised of mostly people of color for differential and intrusive treatment by police. The Practices of the City of St. Paul violates the Fourteenth Amendment of the United States Constitution as it violates equal protection of the law. St. Paul Police practices also violates corresponding provisions of the Minnesota State Constitution.

11. Defendants were improperly and unlawfully motivated by racial prejudice in their above-described actions against Plaintiff.

12. As a result of Defendants' actions, Plaintiff has experienced pain and suffering, emotional distress, humiliation and embarrassment, and other losses and damages, altogether in excess of $250,000.

## IV. CAUSES OF ACTION

### COUNT 1 - VIOLATIONS OF 42 U.S.C. § 1981

13. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 12 of this complaint.

14. Defendants were motivated by unlawful racial bias, and racial considerations in subjecting Plaintiff to the improper, illegal and discriminatory beating, arrest, detention and use of unreasonable force against Plaintiff. Defendants were further carrying out the Intimidation Through Violence policy which is intentionally racially discriminatory as it adversely impacts Minorities including Hispanic and Mexican Americans in this section of the City of St. Paul.

15. Plaintiff was denied the equal benefit and protection of all laws and proceedings and deprived of the security of his person and property because of his race, in violation of 42 U.S.C. § 1981.

16. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph

12 of this Complaint.

**COUNT 2 - VIOLATIONS OF 42 U.S.C. § 1983 - FOURTH AMENDMENT**

17. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 16 of this Complaint.

18. Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth Amendment protections against unreasonable searches seizures, by stopping, detaining and beating Plaintiff without any justification or cause to believe he was involved in criminal activity, using force on Plaintiff that was excessive and unnecessary, and failing to provide Plaintiff with sufficient necessary medical attention after using chemical ammunition. Defendants, by committing the unlawful search and seizure, were carrying out the City's illegally Intimidation Through Violence policy.

19. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

**COUNT 3 - VIOLATIONS OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT**

20. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 19 of this Complaint.

21. Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourteenth Amendment guarantees of Equal Protection of the Law, by acting with improper racial motivations in stopping, detaining and attacking Plaintiff, and carrying out the City's Intimidation Through Violence policy.

22. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph

12 of this Complaint.

## COUNT 4 - VIOLATIONS OF 42 U.S.C. § 1983 - CONSPIRACY

23. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 22 of this Complaint.

24. Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by conspiring between themselves and with others to violate Plaintiff's rights under the Fourth and Fourteenth Amendment, including the seizure, and detention of Plaintiff.

25. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

## COUNT 5 - VIOLATIONS OF 42 U.S.C. §§ 1985 and 1986

26. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 25 of this Complaint.

27. Defendants, while subjecting Plaintiff to the violations of his rights to be free from unlawful searches and seizures, conspired to deprive Plaintiff of equal protection of the laws, and of the equal privileges and immunities under the laws, thereby violating 42 U.S.C. § 1985(3).

28. Defendants had knowledge that the wrongs conspired to be done, as described in the previous paragraph, were about to be committed, had the power to prevent or aid in preventing the commission of those wrongs, and refused to do so, thereby violating 42 U.S.C. § 1986.

29. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

## COUNT 6 - VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT

30. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 29 of this Complaint.

31. Defendants, by their above described actions, discriminated against Plaintiff as to the benefits, access, and utilization of public service because of his race, in violation of Minn. Stat. Ch. 363.

32. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

## COUNT 7 - VIOLATIONS OF MINNESOTA CONSTITUTION

33. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 32 of this Complaint.

34. Defendants, by their above-described actions, violated Plaintiff's rights to due process and to be free from unreasonable searches and seizures, under Article I, § 10 of the Minnesota Constitution.

35. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

## COUNT 8 - ASSAULT AND BATTERY

36. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 35 of this Complaint.

37. Defendant officers, in the course of their employment with the City of St. Paul, by their above described actions, engaged in unjustified and intentional harmful contact toward Plaintiff, and placed Plaintiff in fear of imminent bodily harm, thereby committing assault and battery.

38. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

### COUNT 9 - FALSE IMPRISONMENT

39. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 38 of this Complaint.

40. Defendant officers, in the course of their employment with the City of St. Paul, by their above described actions, engaged in unjustified and intentional confinement of Plaintiff against his will, thereby committing false imprisonment.

41. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

### COUNT 10 - NEGLIGENCE

42. Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 41 of this Complaint.

43. Defendants, by their above described actions, failed to exercise reasonable care by their improper arrest, use of force and beating of Plaintiff, their use of chemical ammunition, and the failure to provide proper medical attention to Plaintiff.

44. As a result of Defendants' conduct, Plaintiff suffered the damages described in paragraph 12 of this Complaint.

## V. RELIEF REQUESTED

WHEREFORE Plaintiff prays for Judgment in his favor as follows:

1. Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally in an amount in excess of $250,000.00 as and for compensatory damages.

2. Awarding Plaintiff all of his costs and disbursements herein, and prejudgment interest.

3. Awarding Plaintiff reasonable attorney fees pursuant to 42 U.S.C. § 1988 and

Minn. Stat. Ch. 363.

4. Such other and further relief as the Court may deem just and proper.

Dated: December 16, 2000

WALKER LAW OFFICES

By
William L. Walker Jr., ID 300883
Attorney for Plaintiff
The Romy Building Suite 209
1406 West Lake Street
Minneapolis, Minnesota 55408
(612) 821-0094

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

The Plaintiff, by his undersigned attorney, hereby acknowledges that, pursuant to Minn. Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party in this litigation.

Dated:

By
William L. Walker Jr., ID 300883
Attorney for Plaintiff